IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHISN DISTRICT OF GEORGIA

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

FEB 2 6 2009

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

| | |
|---|---|
| HAROLD PITNER ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION NO. |
| ) | |
| v. ) | JURY TRIAL DEMANDED |
| ) | |
| WELLSTAR HEALTH SYSTEM INC. ) | 1:09-CV-0525 |
| ) | |
| Defendant. ) | |

## COMPLAINT

BBM

### I. PRELIMINARY STATEMENT

Plaintiff brings this action against WELLSTAR HEALTH SYSTEM INC. (hereinafter "WELLSTAR"), his employer, for discrimination based on his race and age, in violation of Title VII of the Civil Rights Act of 1964 (as amended) and Age Discrimination in Employment Act. This action seeks declaratory, injunctive and other equitable relief, as well as compensatory and liquidated damages, on behalf of employee from Defendant who terminated Plaintiff as a result of Plaintiff's race and age. At the time of termination Plaintiff was an 57 year old African-American male.

### VIOLATION OF TITLE VIII RACE DISCRIMINATION AND THE AGE DISCRIMINATION IN EMPLOYMENT ACT

### II. PARTIES

1. Plaintiff Harold Pitner is an individual and citizen of the State of Georgia residing at: 3225 Belford Drive, Marietta, Georgia 30066.

2. Mr. Pitner was a 8 year dedicated Wellstar employee who worked in the Human Resources Division.

3. Mr. Pitner excelled in the performance of his assigned duties and responsibilities.

4. Mr. Pitner was hired as a Human Resource Representative. As a result of his outstanding performance, he was promoted to the position of Site Coordinator, then System Coordinator followed by Employee Relations Manager.

5. As Wellstar's Employee Relations Manager, Mr. Pitner was the "Leader of Human Resource Operations" for the entire Wellstar Health System. Mr. Pitner reported to the Executive Director of Human Resources.

6. Mr. Pitner's duties and responsibilities included, but were not limited to, delivery of human resource services to management and staff, facilitating and conducting investigations, mediating appropriate resolutions, workplace enhancement and regulatory compliance.

7. Mr. Pitner's span of responsibilities encompassed at least five Wellstar Health System locations and the Physician Group; he was highly respected by both management and staff.

8. Despite Mr. Pitner's great qualifications and performance, he was terminated without cause on January 26, 2006.

9. The reason given for his termination was that his position was being eliminated and the position encompassing the leader of Human Resources Operations duties was being re-classified as Director of Human Resources positions.

10. The Executive Director of Human Resources informed Mr. Pitner that he **could not apply or be promoted** to the Director positions because he did not have the educational background to qualify.

11. Mr. Pitner, a 57 year old African-American male, was advised that he needed a Master's Degree to qualify for the Director of Human Resources.

12. The Executive Director of Human Resources informed Mr. Pitner that he **could not apply or be promoted** to any of the open positions because he did not have the educational background to qualify.

13. The true motivation for the termination of Mr. Pitner's position and the prohibition of his application for the Director positions was his race and age.

14. Subsequent to Mr. Pitner's termination, younger white employees were selected for the Wellstar Health System Director of Human Resources positions.
15. Mr. Pitner, a 57 year old African-American Male was terminated and his Employee Relations Manager position was eliminated because of his race, age and sex.
16. Human Resource Manager positions held by younger white employees were not eliminated.
17. Mr. Pitner was denied the opportunity to apply and be promoted to the position of Director of Human Resources because of his race and age.
18. The basis for the denial of Mr. Pitner's right to apply and be promoted to the Director of Human Resources position was without merit.
19. Younger white individuals without Master Degrees were permitted to apply and were later hired for the position of Director of Human Resources.
20. Mr. Pitner's legal rights have been violated.
21. As of result of Wellstar's violation of Title VII and the Age Discrimination in Employment Act, Mr. Pitner is entitled to back pay; a promotion or front pay; compensatory damages; liquidated damages; punitive damages and reasonable attorney's fees and court costs.
22. As an Employee Relations Manager, Mr. Pitner was paid $67,700.00 annually plus benefits. As a Director of Human Resources, Mr. Pitner would have been paid at a minimum $129,000.00 per year plus benefits.
23. Mr. Pitner has experienced high levels of emotional distress and mental anguish as a result of Wellstar's conduct.
24. Mr. Pitner was terminated from WELLSTAR on January 26, 2006 because of his race and age.
25. Defendant, WELLSTAR, is a corporation organized under the laws of the State of Georgia, with its principal place of business located 805 Sandy Plains Road, Marietta, GA 30066-6340. Its Registered Agent identified as, Bonnie Wilson, is located at the 805 Sandy Plains Road, Marietta, GA 30066-6340. WELLSTAR conducts business in Austell, Marietta, Dallas, Douglasville,

Kennesaw, Hiram and Woodstock, Georgia in the Northern District of Georgia, and it engages in industry effecting commerce and regularly conducts extensive business in the State of Georgia. As of the time of Mr. Pitner's discharge, Defendant WELLSTAR had in excess of 10,000 employees and over One Hundred Million Dollars in assets. Defendant is subject to the jurisdiction of this court and is an employer within the meaning of 42 U.S.C. Sec. 2000e-(b).

26. At all times material hereto, Defendant acted by and through its authorized agents, servants, workmen and/or employees acting within the course and scope of their employment with Defendant and in furtherance of Defendant's business.

III. **JURISDICTION**

27. The Discrimination Cause of Action set forth in the Complaint arises under Title VII of the Civil Rights Act of 1964 as amended 42 U.S.C. Section 1981. The District has jurisdiction over this cause of action pursuant to 42 U.S.C. Section 1981, 29 U.S.C. § 1331, 1343 and 1357 and 29 U.S.C. § 626(c).

28. Venue is proper under 28 U.S.C. § 1391(b) because the employment discrimination took place in this district.

29. Plaintiff has filed charges of race and age discrimination, individually with the Equal Employment Opportunity Commission ("EEOC"), which complained of the acts of race and age discrimination set forth herein (the "charges"). The charges were filed with EEOC July 20, 2006 within one-hundred eighty (180) days of Mr. Pitner's termination because of his race and age. The Charge No. is **EEOC Charge No: 410-2006-01596**. EEOC issued a decision and a Notice of Rights on December 15, 2008.

30. This complaint was filed within ninety (90) days from receipt of Notice of Rights. The Notice of Rights is attached hereto, incorporated herein, and marked as Exhibit "A".

31. Defendant is estopped from asserting that Plaintiff's charges were not timely filed with the EEOC, and Plaintiff seeks judgment regarding such estoppel from the Court.
32. Within 180 days from the date of WELLSTAR's discharge of Mr. Pitner because his race or age, Defendant was aware of the charges of discrimination. The charges were timely filed with the EEOC in relation to Mr. Pitner's discharge. Defendant and the EEOC were both able to investigate and make decisions regarding the charges and whether race and age discrimination occurred and, if either saw fit, take remedial action to attempt to eradicate and compensate for the race and age discrimination that occurred.
33. Plaintiff has filed his charges with the EEOC in a timely manner.
34. Plaintiff has fully complied with all administrative pre-requisites for the bringing of this action.
35. Defendants intentionally violated federal law when it discharged Plaintiff because of his race and age.
36. The race and age of the Plaintiff were the determinative factors in connection with WELLSTAR's discharge of Plaintiff.
37. As a direct and proximate result of the unlawful and discriminatory conduct of Defendant, in terminating Plaintiff, Plaintiff has in the past, and may in the future incur, loss of earnings and/or earning capacity, loss of benefits, costs and other injuries, the full extent of which are not know at this time.
38. Defendant's conduct as set forth herein is race and age discrimination conducted by Defendants.
39. The conduct of Defendants as set forth herein was willful under the circumstances and warrants the imposition of liquidated damages.

## IV    RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendant:

(a)     Declaring the acts and practices complained of herein to be in violation of Title VII of the Civil Rights Act of 1964 as amended 42 U.S.C. Section 1981;

(b) Enjoining and restraining permanently the violations alleged herein;

(c) Awarding compensatory damages to make Plaintiff whole for loss earnings, earning capacity and benefits, past and future, which he has suffered or may suffer as a result of the Defendants' improper conduct;

(d) Awarding back pay in excess of Three Hundred Thirty Thousand Dollars;

(e) Awarding compensatory in an amount of Three Hundred Thousand Dollars.

(d) Awarding Plaintiff liquidated damages;

(e) Awarding Plaintiff cost of this action, together with reasonable attorneys' fees;

(f) Awarding Plaintiff such other damages that are appropriate under Title VII of the Civil Rights Act of 1964 as amended 42 U.S.C. Section 1981;

(g) Awarding Plaintiff such other damages that are appropriate under the Age Discrimination in Employment Act.

(h) Granting such other and further relief as the Court deems appropriate.

/Karen J. Malachi
Attorney for the Plaintiff
1050 Spring Street, NW
Atlanta, GA 30309
(404) 870-0887
GA Bar# 466966

Peggy Golden
Attorney for the Plaintiff
1050 Spring Street, NW
Atlanta, GA 30309
(404) 870-0887
GA Bar# 299880

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHISN DISTRICT OF GEORGIA

| | |
|---|---|
| HAROLD PITNER ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION NO. |
| ) | |
| v. ) | |
| ) | 1:09-CV-0525 |
| WELLSTAR HEALTH SYSTEM INC. ) | |
| ) | |
| Defendants. ) | |

## VERIFICATION

Personally appeared, the undersigned, before a Notary Public, duly authorized by law to administer oaths, and on his oath swears that the facts contained in the foregoing COMPLAINT are true and correct.

_____
Harold Pitner

Sworn to and subscribed
before me this __3__ day
of __Feb__, 2009.

_____
Notary Public

[Notary Seal: JANISE C. BROWN, NOTARY PUBLIC, Nov. 14, 2012, ___ COUNTY, GA]