## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA

| | | |
|---|---|---|
| HAROLD PITNER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION |
| v. | ) | NO. 1:09-CV-0525-BBM |
| | ) | |
| WELLSTAR HEALTH SYSTEM, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT WELLSTAR HEALTH SYSTEM, INC.'S ANSWER
## AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant WellStar Health System, Inc. ("WellStar"), by and through its

undersigned counsel and pursuant to Rules 8 and 12 of the Federal Rules of Civil

Procedure, hereby files its Answer and Affirmative Defenses to Plaintiff Harold

Pitner's Complaint:

**Paragraph No. 1:**

Plaintiff Harold Pitner is an individual and citizen of the State of Georgia

residing at: 3225 Belford Drive, Marietta, Georgia 30066.

**Answer:**

Defendant is without knowledge or information sufficient to form a belief as

to the truth of the allegations contained in this paragraph as stated.  This paragraph

thus stands denied.

**Paragraph No. 2:**

Mr. Pitner was an 8 year dedicated WellStar employee who worked in the Human Resources Division.

**Answer:**

Defendant admits that Plaintiff was employed by WellStar for approximately eight years.  Except as expressly admitted herein, Defendant denies the allegations in this paragraph.

**Paragraph No. 3:**

Mr. Pitner excelled in the performance of his assigned duties and responsibilities.

**Answer:**

Denied.

**Paragraph No. 4:**

Mr. Pitner was hired as a Human Resource Representative.  As a result of his outstanding performance, he was promoted to the position of Site Coordinator, then System Coordinator followed by Employee Relations Manager.

**Answer:**

Defendant admits that Mr. Pitner was hired as a Human Resource Representative.  Except as expressly admitted herein, Defendant denies the allegations in this paragraph.

**Paragraph No. 5:**

As WellStar's Employee Relations Manager, Mr. Pitner was the "Leader of Human Resources Operations" for the entire WellStar Health System.  Mr. Pitner reported to the Executive Director of Human Resources.

**Answer:**

Defendant admits that Plaintiff at times reported to Mary Louise Tavernaro and that at times Ms. Tavernaro held the position of Executive Director of Human Resources.  Except as expressly admitted herein, Defendant denies the allegations in this paragraph.

**Paragraph No. 6:**

Mr. Pitner's duties and responsibilities included, but were not limited to, delivery of human resource services to management and staff, facilitating and conducting investigations, mediating appropriate resolutions, workplace enhancement and regulatory compliance.

**Answer:**

Defendant admits that at times Plaintiff's duties and responsibilities included some of the areas included in this paragraph.  Except as expressly admitted herein, Defendant denies the allegations in this paragraph.

**Paragraph No. 7:**

Mr. Pitner's span of responsibilities encompassed at least five WellStar Health System locations and the Physician Group; he was highly respected by both management and staff.

**Answer:**

Denied.

**Paragraph No. 8:**

Despite Mr. Pitner's great qualifications and performance, he was terminated without cause on January 26, 2006.

**Answer:**

Defendant admits that Plaintiff's employment was terminated on or about January 26, 2006.  Except as expressly admitted herein, Defendant denies the allegations in this paragraph.

**Paragraph No. 9:**

The reason given for his termination was that his position was being eliminated and the position encompassing the leader of Human Resources Operating duties was being re-classified as Director of Human Resources.

**Answer:**

Denied.

**Paragraph No. 10:**

The Executive Director of Human Resources informed Mr. Pitner that he could not apply or be promoted to the Director positions because he did not have the educational background to qualify.

**Answer:**

Denied.

**Paragraph No. 11:**

Mr. Pitner, a 57 year old African-American male, was advised that he needed a Master's Degree to qualify for the Director of Human Resources.

**Answer:**

Denied.

**Paragraph No. 12:**

The Executive Director of Human Resources informed Mr. Pitner that he could not apply or be promoted to any of the open positions because he did not have the educational background to qualify.

**Answer:**

Denied.

**Paragraph No. 13:**

The true motivation for the termination of Mr. Pitner's position and the prohibition of his application for the Director positions was his race and age.

**Answer:**

Denied.

**Paragraph No. 14:**

Subsequent to Mr. Pitner's termination, younger white employees were selected for the WellStar Health System Director of Human Resources Position.

**Answer:**

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph as stated because Plaintiff does not identify the Director of Human Resources position to which he is referring.  This paragraph thus stands denied.

**Paragraph No. 15:**

Mr. Pitner, a 57 year old African-American Male was terminated and his Employee Relations Manager position was eliminated because of his race, age and sex.

**Answer:**

Denied.

**Paragraph No. 16:**

Human Resources Manager positions held by younger white employees were not eliminated.

**Answer:**

Denied.

**Paragraph No. 17:**

Mr. Pitner was denied the opportunity to apply and be promoted to the position of Director of Human Resources because of his race and age.

**Answer:**

Denied.

**Paragraph No. 18:**

The basis for the denial of Mr. Pitner's right to apply and be promoted to the Director of Human Resources position was without merit.

**Answer:**

Denied.

**Paragraph No. 19:**

Younger white individuals without Master Degrees were permitted to apply and were later hired for the position of Director of Human Resources.

**Answer:**

Defendant admits that individuals of all ages and races without Master's Degrees were permitted to apply for Director of Human Resources positions. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph as stated because Plaintiff does not identify the Director of Human Resources position to which he is referring. Thus, the remaining allegations in the paragraph stand denied.

**Paragraph No. 20:**

Mr. Pitner's legal rights have been violated.

**Answer:**

Denied.

**Paragraph No. 21:**

As of result of WellStar's violation of Title VII and the Age Discrimination in Employment Act, Mr. Pitner is entitled to back pay; promotion or front pay;

compensatory damages; liquidated damages; punitive damages and reasonable attorney's fees and court costs.

**Answer:**

Denied.

**Paragraph No. 22:**

As an Employee Relations Manager, Mr. Pitner was paid $67,700.00 annually plus benefits.  As a Director of Human Resources, Mr. Pitner would have been paid at a minimum $129,000.00 per year plus benefits.

**Answer:**

Defendant admits that Plaintiff was paid approximately $67,000 per year at the time his employment was terminated.  Except as expressly admitted herein, Defendant denies the allegations in this paragraph.

**Paragraph No. 23:**

Mr. Pitner has experienced high levels of emotional distress and mental anguish as a result of WellStar's conduct.

**Answer:**

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph as stated.  This paragraph thus stands denied.

**Paragraph No. 24:**

Mr. Pitner was terminated from WellStar on January 26, 2006 because of his race and age.

**Answer:**

Denied.

**Paragraph No. 25:**

Defendant, WellStar, is a corporation organized under the laws of the State of Georgia, with its principal place of business located 805 Sandy Plains Road, Marietta, GA 30066-6340.  Its Registered Agent identified as, Bonnie Wilson, is located at the same address.  WellStar conducts business in Austell, Marietta, Dallas, Douglasville, Kennesaw, Hiram and Woodstock, Georgia in the Northern District of Georgia, and it engages in industry effecting commerce and regularly conducts extensive business in the State of Georgia.  As of the time of Mr. Pitner's discharge, Defendant WellStar has in excess of 10,000 employees and over One Hundred Million Dollars in assets.  Defendant is subject to the jurisdiction of this court and is an employer within the meaning of 42 U.S.C. § 2000e-(b).

**Answer:**

Admitted.

**Paragraph No. 26:**

At all times material hereto, Defendant acted by and through its authorized agents, servants, workmen and/or employees acting within the course and scope of their employment with Defendant and in furtherance of Defendant's business.

**Answer:**

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph as stated. This paragraph thus stands denied.

**Paragraph No. 27:**

The Discrimination Cause of Action set forth in the Complaint arises under Title VII of the Civil Rights Act of 1964 as amended 42 U.S.C. Section 1981. The District has jurisdiction over this cause of action pursuant to 42 U.S.C. Section 1981, 29 U.S.C. § 1331, 1343 and 1357 and 29 U.S.C. § 626(c).

**Answer:**

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph as stated. This paragraph thus stands denied.

**Paragraph No. 28:**

Venue is proper under 28 U.S.C. § 1391(b) because the employment discrimination took place in this district.

**Answer:**

Defendant admits that venue is proper in this Court.  Except as expressly admitted herein, Defendant denies the allegations contained in this paragraph.

**Paragraph No. 29:**

Plaintiff has filed charges of race and age discrimination, individually with the Equal Employment Opportunity Commission ("EEOC"), which complained of the acts of race and age discrimination set forth herein (the "charges").  The charges were filed with EEOC July 20, 2006 within one-hundred eighty (180) days of Mr. Pitner's termination because his race and age.  The Charge No. is EEOC Charge No.: 410-2006-01596.  EEOC issued a decision and a Notice of Rights on December 15, 2008.

**Answer:**

Defendant admits that Plaintiff filed a charge of discrimination with the EEOC.  Defendant further admits that the charge number assigned to Mr. Pitner's charge by the EEOC is 410-2006-01596 and that the EEOC issued a Notice of

Rights on December 15, 2008.  Except as expressly admitted herein, Defendant denies the allegations in this paragraph.

**Paragraph No. 30:**

This complaint was filed within ninety (90) days from receipt of Notice of Rights.  The Notice of Rights is attached hereto, incorporated herein, and marked as Exhibit "A."

**Answer:**

Plaintiff admits that the complaint was filed within 90 days of Plaintiff's receipt of the Notice of Rights.  Except as expressly admitted herein, Defendant denies the remaining allegations contained in this paragraph.

**Paragraph No. 31:**

Defendant is estopped from asserting that Plaintiff's charges were not timely filed with the EEOC, and Plaintiff seeks judgment regarding such estoppel from the Court.

**Answer:**

Denied.

**Paragraph No. 32:**

Within 180 days from the date of WellStar's discharge of Mr. Pitner because of his race or age, Defendant was aware of the charges of discrimination.  The

charges were timely filed with the EEOC in relation to Mr. Pitner's discharge.

Defendant and the EEOC were both able to investigate and make decisions

regarding the charges and whether race and age discrimination occurred and, if

either saw fit, take remedial action to attempt to eradicate and compensate for the

race and age discrimination that occurred.

**Answer:**

Defendant is without knowledge or information sufficient to form a belief as

to the truth of the allegations contained in this paragraph as stated.  This paragraph

thus stands denied.

**Paragraph No. 33:**

Plaintiff has filed his charges with the EEOC in a timely manner.

**Answer:**

Defendant is without knowledge or information sufficient to form a belief as

to the truth of the allegations contained in this paragraph as stated.  This paragraph

thus stands denied.

**Paragraph No. 34:**

Plaintiff has fully complied with all administrative prerequisites for the

bringing of this action.

**Answer:**

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph as stated.  This paragraph thus stands denied.

**Paragraph No. 35:**

Defendants intentionally violated federal law when it discharged Plaintiff because of his race and age.

**Answer:**

Denied.

**Paragraph No. 36:**

The race and age of the Plaintiff were to be determinative factors in connection with WellStar's discharge of Plaintiff.

**Answer:**

Denied.

**Paragraph No. 37:**

As a direct and proximate result of the unlawful and discriminatory conduct of Defendant, in terminating Plaintiff, Plaintiff has in the past, and may in the future incur, loss of earnings and/or earnings capacity, loss of benefits, costs and other injuries, the full extent of which are not known at this time.

15

**Answer:**

Denied.

**Paragraph No. 38:**

Defendant's conduct as set forth herein is race and age discrimination

conducted by Defendants.

**Answer:**

Denied.

**Paragraph No. 39:**

The conduct of Defendants as set forth herein was willful under the

circumstances and warrants the imposition of liquidated damages.

**Answer:**

Denied.

**GENERAL DENIAL**

Except as expressly admitted above, Defendant denies the allegations in

Plaintiff's Complaint.

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

To the extent Plaintiff's claim is based on acts that occurred prior to the

applicable statute of limitations, Plaintiff's claim is time−barred.

16

## SECOND AFFIRMATIVE DEFENSE

To the extent Plaintiff's claim exceeds the scope of the charge of discrimination Mr. Pitner filed with the EEOC, this Court lacks subject matter jurisdiction over the claim or the claim is otherwise barred.

## THIRD AFFIRMATIVE DEFENSE

To the extent the EEOC or Mr. Pitner failed to exhaust the administrative remedies available and/or failed to comply with the procedural prerequisites prior to bringing the claim before this Court, this Court lacks subject matter jurisdiction over the claim or the claim is otherwise barred.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim upon which relief can be granted because Defendant's decisions with respect to Mr. Pitner's employment were legitimate and non-discriminatory.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to punitive damages because Defendant made good faith efforts to comply with all applicable anti-discrimination laws and any discriminatory employment decisions made by Defendant's managerial agents were contrary to Defendant's good faith efforts to comply with Title VII.

## SIXTH AFFIRMATIVE DEFENSE

To the extent Mr. Pitner failed to mitigate his damages, his recovery, if any, must be reduced accordingly.

## SEVENTH AFFIRMATIVE DEFENSE

Even if Mr. Pitner's race was a motivating factor in any employment decision, a claim that Defendant expressly denies, Defendant would have made the same decision in the absence of any impermissible factor being considered.

WHEREFORE, Defendant respectfully submits that Plaintiff's Complaint should be dismissed in its entirety with prejudice and that Defendant should be awarded its costs, attorneys' fees, and any other relief this Court deems appropriate.

Respectfully submitted this 31st day of March, 2009

s/Charles L. Bachman, Jr.
Charles L. Bachman, Jr.
Georgia Bar No. 030545
Robert L. Fortson
Georgia Bar No. 142684

Turner, Bachman & Garrett, LLC
231 Crescent Circle
Marietta, GA 30064
(770) 427-1605
(678) 302-9673 (facsimile)

18

## <u>CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1</u>

I hereby certify pursuant to LR 7.1(D), NDGa., that **DEFENDANT**

**WELLSTAR HEALTH SYSTEM INC.'S ANSWER AND AFFIRMATIVE**

**DEFENSES TO PLAINTIFF'S COMPLAINT** was prepared in Times New

Roman 14 point font, double-spaced, with a top margin of not less that 1.5 inches

and a left margin of not less than 1 inch.

<u>s/Charles L. Bachman, Jr.</u>

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA**

| | |
|---|---|
| HAROLD PITNER, | ) |
| | ) |
|     Plaintiff, | ) |
| | )    CIVIL ACTION |
| v. | )    NO. 1:09-CV-0525-BBM |
| | ) |
| WELLSTAR HEALTH SYSTEM, INC., | ) |
| | ) |
|     Defendant. | ) |
| | ) |

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 31, 2009, I electronically filed the foregoing

**DEFENDANT WELLSTAR HEALTH SYSTEM INC.'S ANSWER AND
AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT** with the Clerk

of Court using the CM/ECF system, which will automatically send e-mail

notification of such filing to the following attorneys of record:

      Karen J. Malachi        Peggy Golden


      <u>s/Charles L. Bachman, Jr.</u>

20